**James David JOHNSON, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 91–SC–987–KB.

Supreme Court of Kentucky.

Feb. 13, 1992.

John R. Leathers, Frost & Jacobs, Lexington, for movant.

Raymond M. Clooney, Bruce K. Davis, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

The Inquiry Tribunal charged movant, James David Johnson, with four counts of misconduct. This matter is now before the Supreme Court upon movant's motion to enter a plea of guilty as to Count I of the Kentucky Bar Association's Charge which involved engaging in a misrepresentation and conduct adversely reflecting upon his practice of law. Movant further moved that he be publicly reprimanded for such misconduct and that Count II, Count III and Count IV of the Charge be dismissed with prejudice. The Kentucky Bar Association filed a response stating no objection to movant's Motion.

Count I of the Charge arose from a false statement movant made in a letter to his former client. Movant and the client had been lifelong friends and their families had been neighbors for many years. The client retained movant to pursue a claim under the Federal Employers Liability Act. After two years, believing the movant dilatory in pursuing the claim, the client discharged movant as his attorney. In response to the discharge, movant wrote a melodramatic letter to his client, complaining about the personal hardship it would cause the movant to lose employment in such a case as "substantial as yours," and stating: "the records will reflect in Frankfort, Ky. out of the 354 people who took the Ky. Bar Exam as well as the Multi–State Bar Exam I made the 8th highest score out of the 354 people." The statement was false and the letter adversely reflects upon movant's fitness to practice law, which violates Disciplinary Rule 1–102(A)(4) and (6). Movant notes the client did not take any action based on the misrepresentation, and claims the client was

not prejudiced by the misstatement. Counsel for the Kentucky Bar Association states the claim has been reviewed by its responsible officers and the movant's request for disposition by a public reprimand is appropriate.

NOW, THEREFORE, BEING DULY ADVISED IT IS HEREBY ORDERED THAT MOVANT, James David Johnson, is publicly reprimanded for his misconduct constituting Count I of the charge which violated DR 1–102(A)(4) and (6). All remaining allegations of Count II, Count III and Count IV of the Charge are hereby dismissed with prejudice. It is further ordered that movant pay the costs of the Kentucky Bar Association's disciplinary investigation and proceeding incurred herein.

All concur.

ENTERED: February 13, 1992.

(s) Robert F. Stephens
CHIEF JUSTICE